UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHRISTOPHER WHITE and MARK BASSETT**, Individually and on behalf of all others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>**WIN WASTE INNOVATIONS OF NORTHERN NEW ENGLAND INC.**,<br><br>**Defendant.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs—Christopher White and Mark Bassett—bring this action individually and on behalf of all current and former hourly Drivers and Helpers (collectively, "Plaintiffs and the Putative Collective/Class Members"), who worked for Defendant—WIN Waste Innovations of Northern New England Inc. ("WIN Waste")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the the Massachusetts Minimum Fair Wage Law ("MMFWL"), MASS. GEN. LAWS ANN. Ch. 151, § 1–22; and, the Massachusetts Wage Act ("MWA"), MASS. GEN. LAWS ANN. Ch. 149, § 148–150 (collectively, the "Massachusetts Acts").

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of Massachusetts under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiffs and the Putative Collective/Class Members are those similarly situated persons who worked for WIN Waste at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of wages, including overtime, in violation of state and federal law.

3. Although Plaintiffs and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Collective/Class Members were not paid overtime of at least one and one-half times their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiffs and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), WIN Waste knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, WIN Waste's regular practice—including during weeks when Plaintiffs and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiffs and the Putative Collective/Class Members' wages for a meal break they did not receive.

7. In addition, WIN Waste paid non-discretionary bonuses to Plaintiffs and the Putative Collective/Class Members, but failed to include these bonuses in Plaintiffs and the Putative Collective/Class Members' regular rate of pay, for purposes of calculating their correct rate of overtime compensation.

8. The effect of WIN Waste's practices was (and is) that all compensable time worked by Plaintiffs and the Putative Collective/Class Members was not (and is not) counted and paid; thus, WIN Waste has failed to properly compensate Plaintiffs and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and applicable state law.

9. WIN Waste knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked and the proper amount of overtime at the proper rate on a routine and regular basis during the relevant time period(s).

10. Plaintiffs and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

11. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages and other damages owed under the state laws of Massachusetts as a class action pursuant to FED. R. CIV. P. 23.

12. Plaintiffs also pray that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

13. Plaintiffs also pray that the Rule 23 class is certified as defined herein, with the Plaintiffs designated herein named as the Class Representative(s).

## II.
## THE PARTIES

14. Plaintiff—Christopher White ("White")—was employed by WIN Waste in Massachusetts during the relevant time period(s). Plaintiff White did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

15. Plaintiff—Mark Bassett ("Bassett")—was employed by WIN Waste in Massachusetts during the relevant time period(s). Plaintiff Bassett did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

16. The FLSA Collective Members are those current and former hourly Drivers and Helpers who were employed by WIN Waste at any time from August 5, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

17. The Massachusetts Class Members are those current and former hourly Drivers and Helpers who were employed by WIN Waste in Massachusetts at any time from August 5, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

18. Defendant WIN Waste Innovations of Northern New England Inc. ("WIN Waste") is a foreign for-profit corporation, that is licensed to and doing business in the State of Massachusetts, and may be served through its registered agent for service of process: **C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110**.

---

[1] The written consent of Christopher White is attached hereto as Exhibit "A."

[2] The written consent of Mark Bassett is attached hereto as Exhibit "B."

## III.
## JURISDICTION & VENUE

19. This Court has federal question jurisdiction over Plaintiffs' claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

20. This Court has supplemental jurisdiction over Plaintiffs' additional state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

21. Plaintiffs have not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

22. This Court has specific personal jurisdiction over WIN Waste because the cause of action arose within this district as a result of WIN Waste's conduct within this District.

23. Venue is proper pursuant to 28 U.S.C. § 1391 in the District of Massachusetts because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24. Additionally, Plaintiff Bassett worked for WIN Waste in Boston, Massachusetts, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

25. Defendant WIN Waste is a full-service solid waste company providing waste collection, recycling, and disposal services to commercial, industrial, and residential customers throughout the United States.[3]

26. To provide its services, WIN Waste employed (and continues to employ) numerous hourly, non-exempt Drivers and Helpers—including Plaintiffs and the individuals that make up the putative collective and class.

---

[3] https://www.win-waste.com/about-us/locations/.

27. Plaintiffs and the Putative Collective/Class Members were employed by WIN Waste as non-exempt Drivers and Helpers who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

28. Plaintiffs and the Putative Collective/Class Members' job duties include the collection, transportation, and disposal of residential and commercial waste on behalf of WIN Waste's customers.

29. While exact job titles may differ, these hourly, non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

30. Importantly, none of the FLSA exemptions relieving a covered employer (such as WIN Waste) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Collective/Class Members.

31. Plaintiff White was employed by WIN Waste as a Driver in Massachusetts from approximately December 2022 until July 2025.

32. Plaintiff Bassett was employed by WIN Waste as a Helper in Massachusetts from approximately February 2023 until November 2023.

33. During their employment with WIN Waste, Plaintiffs and the Putative Collective/Class Members typically worked five (5) days a week, and approximately ten (10) to twelve (12) hours per day.

34. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of WIN Waste resulting in the complained of FLSA and state law violations.

35. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties – that is they are (or were) responsible for the collection, transportation, and disposal of residential and commercial waste on behalf of WIN Waste's customers.

36. Plaintiffs and the Putative Collective/Class Members are similarly (if not identically) situated with respect to their pay structure in that they are all paid on an hourly basis, received non-discretionary bonuses, and WIN Waste automatically deducts thirty (30) minutes for a meal period each workday.

37. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of WIN Waste resulting in the complained of FLSA and state law violations.

**Unpaid Meal Breaks**

38. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and have meal breaks automatically deducted from their daily time.

39. Plaintiffs and the Putative Collective/Class Members typically worked five (5) days a week, and approximately ten (10) to twelve (12) hours per day—these are referred to as "on-the-clock" hours.

40. In addition to their "on-the-clock" hours, Plaintiffs and the Putative Collective/Class Members regularly worked between two-and one-half to three hours "off-the-clock" per week and have not been compensated for that time.

41. WIN Waste has a policy to automatically deduct one 30-minute meal period from Plaintiffs and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

42. Despite automatically deducting thirty (30) minutes from Plaintiffs and the Putative Collective/Class Members' time each shift, Plaintiffs and the Putative Collective/Class Members did not take a thirty (30) minute meal break.

43. WIN Waste was (and continues to be) aware that Plaintiffs and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and relevant state law.

44. WIN Waste benefitted from Plaintiffs and the Putative Collective/Class Members' free labor, as Plaintiffs and the Putative Collective/Class Members typically worked throughout their entire shift without taking a break.

45. WIN Waste knew Plaintiffs and the Putative Collective/Class Members did not take breaks because Plaintiffs and the Putative Collective/Class Members did not state they took a break on their route sheet.

46. WIN Waste also knew Plaintiffs and the Putative Collective/Class Members did not take their meal breaks because Plaintiffs and the Putative Collective/Class Members complained to WIN Waste that they were unable to take their meal breaks and should have been paid for their time.

47. WIN Waste also engaged in continuous monitoring of Plaintiffs and the Putative Collective/Class Members vehicles—through GPS tracking of their vehicles, video surveillance of the interior cabins of the vehicles, and route sheets which detailed their breaks (if any)—and therefore had actual knowledge that Plaintiffs and the Putative Class/Collective Members were not taking their 30-minute meal period breaks.

48. WIN Waste's thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiffs and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state law.

49. As a result of WIN Waste's failure to compensate Plaintiffs and the Putative Collective/Class Members for compensable work performed "off the clock," such as during their unpaid meal breaks, Plaintiffs and the Putative Collective/Class Members worked straight time hours

and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.

### Failure to Include Non-Discretionary Bonuses in the Regular Rate

50. WIN Waste paid out non-discretionary bonuses to Plaintiffs and the Putative Collective/Class Members—Safety Bonuses, Sign On Bonuses, Referral Bonuses, and Special Shift Bonuses—based on specific metrics but failed to include these bonuses in Plaintiffs and the Putative Collective/Class Members' regular rates of pay.

51. The non-discretionary bonuses paid to Plaintiffs and the Putative Collective/Class Members were meant to encourage and motivate them to work harder and to reward them for their hard work.

52. The non-discretionary bonuses were based upon a pre-determined formula established by WIN Waste.

53. Moreover, specific criteria had to be met in order to receive these non-discretionary bonuses.

54. When Plaintiffs and the Putative Collective/Class Members met the criteria, they were entitled to receive these non-discretionary bonuses.

55. Pursuant to 29 C.F.R. § 778.209 and Mass. Gen. Laws Ann. Ch. 151, § 1A, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiffs and the Putative Collective/Class Member's regular rates of pay before any and all overtime multipliers were applied.

56. WIN Waste's failure to compensate Plaintiffs and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and applicable state law.

57. WIN Waste knew or should have known that it was not (and is not) compensating Plaintiffs and the Putative Collective/Class Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA and relevant state law.

58. WIN Waste knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiffs and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Collective/Class Members.

59. WIN Waste knew or should have known that not compensating Plaintiffs and the Putative Collective/Class Members for all overtime hours worked did cause, and continues to cause, financial injury to Plaintiffs and the Putative Collective/Class Members.

60. Because WIN Waste did not pay Plaintiffs and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, WIN Waste's pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state laws.

61. Because WIN Waste did not pay Plaintiffs and the Putative Collective/Class Members for all straight time worked, WIN Waste's pay policies and practices violated (and continue to violate) applicable state law.

62. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to applicable state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

63. The preceding paragraphs are incorporated as though fully set forth herein.

64. The FLSA Collective is defined as follows:

**ALL DRIVERS AND HELPERS WHO WERE EMPLOYED BY WIN WASTE INNOVATIONS OF NORTHERN NEW ENGLAND INC., AT ANY TIME FROM AUGUST 5, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

65. At all material times, WIN Waste has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

66. At all material times, WIN Waste has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

67. At all material times, WIN Waste has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of telecommunications infrastructure and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

68. Specifically, WIN Waste employs numerous Drivers and Helpers to provide services in the waste disposal industry across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

69. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by WIN Waste, these individuals provided services for WIN Waste that involved interstate commerce for purposes of the FLSA.

70. In performing work for WIN Waste, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

71. Specifically, Plaintiffs and the FLSA Collective Members are (or were) hourly employees who assisted WIN Waste's customers throughout the United States. 29 U.S.C. § 203(j).

72. At all material times, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

73. The proposed classes of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 64.

74. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of WIN Waste.

## B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

75. WIN Waste violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of trucks in the waste disposal industry, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

76. Moreover, WIN Waste knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

77. WIN Waste knew or should have known its pay practices were in violation of the FLSA.

78. WIN Waste is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

79. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted WIN Waste to pay them according to the law.

80. The decision and practice by WIN Waste to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

81. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

82. All previous paragraphs are incorporated as though fully set forth herein.

83. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action collectively on behalf of WIN Waste's employees who are (or were) similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

84. Other similarly situated employees of WIN Waste have been victimized by WIN Waste's patterns, practices, and policies, which are in willful violation of the FLSA.

85. The FLSA Collective is defined in Paragraph 64.

86. WIN Waste's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of WIN Waste, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

87. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

88. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

89. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

90. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

91. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and WIN Waste will retain the proceeds of their violations.

92. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

93. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as defined in Paragraph 64.

**SECOND CAUSE OF ACTION**
**(Class Action Alleging Violations of the Massachusetts Acts)**

A. **MASSACHUSETTS ACTS COVERAGE**

94. All previous paragraphs are incorporated as though fully set forth herein.

95. The Massachusetts Class is defined as:

**ALL DRIVERS AND HELPERS WHO WERE EMPLOYED BY WIN WASTE INNOVATIONS OF NORTHERN NEW ENGLAND INC., IN MASSACHUSETTS, AT ANY TIME FROM AUGUST 5, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Massachusetts Class Members").**

96. At all material times, Plaintiffs and the Massachusetts Class Members have been employees within the meaning of the Massachusetts Acts. Mass. GEN. LAWS ANN. Ch. 149 § 1.

97. Plaintiffs and the Massachusetts Class Members were or have been employed by WIN Waste since August 5, 2022, and have been covered employees entitled to the protections of the Massachusetts Acts, and were not exempt from the protections of the Massachusetts Acts.

98. The employer, WIN Waste, is not exempt from paying all wages when they are due or from paying overtime benefits under the Massachusetts Acts.

B. **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MASSACHUSETTS ACTS**

99. All previous paragraphs are incorporated as though fully set forth herein.

100. The Massachusetts Acts require that employees, including Plaintiffs and the Massachusetts Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. MASS. GEN. LAWS ANN. Ch 151, § 1A.

101. The Massachusetts Acts require that WIN Waste pay Plaintiffs and the Massachusetts Class Members all wages, including unpaid straight time and overtime, either weekly or biweekly. MASS. GEN. LAWS ANN. Ch 149, § 148.

102. Plaintiffs and the Massachusetts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, WIN Waste violated the Massachusetts Acts by failing to pay Plaintiffs and other Massachusetts Class Members the correct amount of overtime at the rates required by the Massachusetts Acts for hours worked over forty (40) per week.

103. Plaintiffs and the Massachusetts Class Members were not paid all of their straight time wages within the pay period in which they were earned, in violation of the Massachusetts Acts.

104. Plaintiffs and the Massachusetts Class Members have suffered damages and continue to suffer damages as a result of WIN Waste's acts or omissions as described herein; though WIN

Waste is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages

105.    In violating the Massachusetts Acts, WIN Waste acted willfully, without a good faith basis, and with reckless disregard of applicable Massachusetts law.

106.    Because WIN Waste failed to pay all wages earned in a timely manner as required by the Massachusetts Acts, WIN Waste is liable for treble the value of the unpaid wages, and all costs and reasonable attorney's fees. *See* Mass. Gen. Laws Ann. Ch. 151, § 1B; Mass. Gen. Laws Ann. Ch. 149, § 150.

107.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Massachusetts Acts, is defined in Paragraph 95.

108.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of WIN Waste.

### C.    MASSACHUSETTS CLASS ACTION ALLEGATIONS

109.    Plaintiffs and the Massachusetts Class Members bring their Massachusetts Acts claims as a class action pursuant to Fed R. Civ. P. 23 on behalf of all similarly situated individuals employed by WIN Waste to work in Massachusetts since August 5, 2022.

110.    Class action treatment of Plaintiffs and the Massachusetts Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

111.    The number of Massachusetts Class Members is so numerous that joinder of all class members is impracticable.

112.    On information and belief, WIN Waste employed hundreds of Drivers and Helpers—Massachusetts Class Members—in Massachusetts since August 5, 2022.

113.    Plaintiffs' Massachusetts state-law claims share common questions of law and fact with the claims of the Massachusetts Class Members.

114. Specifically, the common questions of law and fact are that WIN Waste violated the Massachusetts Acts by failing to pay the Massachusetts Class Members for time spent working through their meal breaks and that it failed to pay them overtime at a rate not less than one and one half times their regular rate of pay.

115. Plaintiffs are members of the Massachusetts Class, their claims are typical of the claims of other Massachusetts Class Members, and they have no interests that are antagonistic to or in conflict with the interests of other Massachusetts Class Members.

116. Plaintiffs and their counsel will fairly and adequately represent the Massachusetts Class Members and their interests.

117. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact (as identified herein) predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the Massachusetts Class should be certified as defined in Paragraph 95.

118. Specifically, Plaintiffs and the Massachusetts Class Members all performed similar work, were not paid when they worked through their meal breaks, and their overtime did not include all non-discretionary income.

## VI.
## RELIEF SOUGHT

119. Plaintiffs respectfully pray for judgment against WIN Waste as follows:

    a. For an Order certifying the FLSA Collective as defined in ¶ 64;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to § 16(b) of the FLSA finding WIN Waste liable for unpaid wages, including unpaid overtime wages, due to Plaintiffs (and those FLSA Collective

Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

      d.    For an Order certifying the Massachusetts Class as defined in ¶ 95, and designating Plaintiffs as Representatives of the Massachusetts Class;

      e.    For an Order pursuant to the Massachusetts state law awarding Plaintiffs and the Massachusetts Class Members damages for unpaid wages, treble damages, statutory penalties, and all other damages allowed by law;

      f.    For an Order awarding the costs of this action;

      g.    For an Order awarding attorneys' fees;

      h.    For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

      i.    For an Order awarding Plaintiffs service awards as permitted by law;

      j.    For an Order compelling the accounting of the books and records of WIN Waste, at WIN Waste's expense (should discovery prove inadequate); and

      k.    For an Order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Date: August 8, 2025 | Respectfully submitted, |

                                        **GORDON LAW GROUP, LLP**

                                        By: /s/ Philip J. Gordon
                                               **Philip J. Gordon**
                                               Mass. BBO# 630989
                                               pgordon@gordonllp.com
                                               **Kristen M. Hurley**
                                               Mass. BBO# 658237
                                               khurley@gordonllp.com
                                               585 Boylston St.
                                               Boston, MA 02116
                                               Telephone: 617-536-1800
                                               Facsimile: 617-536-1802

                                        **ANDERSON ALEXANDER, PLLC**

                                        By: /s/ Clif Alexander
                                               **Clif Alexander** *(Pro Hac Vice Anticipated)*
                                               Texas Bar No. 24064805
                                               clif@a2xlaw.com
                                               **Austin W. Anderson** *(Pro Hac Vice Anticipated)*
                                               Texas Bar No. 24045189
                                               austin@a2xlaw.com
                                               **Lauren E. Braddy** *(Pro Hac Vice Anticipated)*
                                               Texas Bar No. 24071993
                                               lauren@a2xlaw.com
                                               **Carter T. Hastings** *(Pro Hac Vice Anticipated)*
                                               Texas Bar No. 24101879
                                               carter@a2xlaw.com
                                               101 N. Shoreline Blvd., Suite 610
                                               Corpus Christi, Texas 78401
                                               Telephone: (361) 452-1279
                                               Facsimile: (361) 452-1284

                                               ***Attorneys for Plaintiffs and the Putative Collective/Class Members***